UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| AIMLEE LEWIS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SEVENTH CIRCUIT COURT – SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM, in its official and individual capacity; RAPID CITY POLICE DEPARTMENT, in its official and individual capacity; PENNINGTON COUNTY SHERIFF'S OFFICE, in its official and individual capacity; DEBRA WATSON, in her official and individual capacity; WATSON LAW OFFICE, P.C., in its official and individual capacity; JOSHUA GEDNALSKE, in his official and individual capacity; DWAYNE GEDNALSKI, in his official and individual capacity; and JANICE GEDNALSKE, in her official and individual capacity,<br><br>　　　　　　Defendants. | 5:18-CV-05071-JLV<br><br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Plaintiff Aimlee Lewis, appearing *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against the defendants alleging numerous violations of her civil rights. Ms. Lewis also asserts a <u>Bivens</u> claim. (Docket 1). The case was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Chief Judge Jeffrey L. Viken's Standing Order dated April 1, 2018. (Docket 22).

## BACKGROUND INFORMATION

Ms. Lewis asserts both a § 1983 claim and a <u>Bivens</u> claim.  In Ms. Lewis' § 1983 claim, she alleges her federal constitutional or statutory rights were violated by the defendants in the following ways:

> (1) A declaratory decree was violated.   (2) the State of South Dakota revoked my parental rights 'without any' preponderance of evidence. (3) Violation of the Due Process Clause of the 14th Amendment.   (4) Violations of the First, Fourth, Fifth, Ninth and Fourteenth Amendments.   (5) 18 USC Ch. 224: Protection of Witnesses - Section 3524[,] 28 U.S. Code 1738 A.   (6) Section 35 of the Judiciary Act of 1789,1 Stat. 73. 92.

(Docket 1 at p. 5).   Ms. Lewis alleges the following facts in support of her claims:

> Joshua Gednalske, Janice Gednalske, and Dwayne Gednalske - Removed and harbored my five-year-old son [B.] -I had full legal and physical custody of [B.] as per a court order from the State of South Dakota.
> Watson Law Office, P.C. - Watson knew of the existing, legal court order but ignored it.  Debra Watson knowlingly [sic] motioned the Seventh Circuit Court to uphold a temporary shelter order that was invalid.  Watson also requested supervised visitation claiming a need without providing any evidence. The Rapid City Police Department and Pennington County Sheriff's Department - I contacted them multiple times requesting that they return my son to me and therefore uphold the legal current, custody
> court order from South Dakota but they refused.
> Seventh Circuit Court - Was provided with documentation in a reasonable amount of time for review, before the hearing, that was to take place on September 21st, 2018.   Documents show cancellation of temporary shelter order, a police report dispelling allegations, and South Dakota statutes violated. Without preponderance of evidence, my parental rights were revoked.  Pro Se rights violated.

(<u>Id.</u> at p. 8).   Ms. Lewis' claim for relief seeks $20,000,000 and asks that her son be returned to her custody.   (<u>Id.</u> at p. 9).   Ms. Lewis' civil cover sheet and

Case 5:18-cv-05071-JLV Document 42 Filed 11/28/18 Page 3 of 9 PageID #: 359

supplement to the Complaint asserts her claims are a "class action lawsuit." (Dockets 2 & 18) (internal quotation marks and capitalization omitted).

Defendant Seventh Circuit Court-South Dakota Unified Judicial System filed a motion to dismiss and supporting legal memorandum seeking dismissal pursuant to Fed. R. Civ. P. 12(b). (Dockets 15 & 16). It asserts dismissal "based on Eleventh Amendment immunity, lack of subject matter jurisdiction and . . . the Rooker-Feldman Doctrine, judicial immunity, and abstention." (Docket 15 at p. 1). Defendant Pennington County Sheriff's Department moved to dismiss the Complaint pursuant Fed. R. Civ. P. 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction and Fed. R. Civ. P 12(b)(6) for failure to state a claim upon for which relief can be granted (Docket 27). The Pennington County Sheriff's Department likewise asserts that the Rooker-Feldman Doctrine divests this court of jurisdiction. Defendants Debra Watson and Watson Law Office P.C. (collectively "Watson") filed a motion to dismiss on the grounds that Watson is neither a federal or state actor, therefore the Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P 12(b)(6). (Docket 29). Defendants Joshua Gednalske, Dwayne Gednalske and Jancie Gednalske, (collectively "Gednalske") appearing *pro se*, filed a motion to dismiss also seeking dismissal on the grounds of Fed. R. Civ. P 12(b)(6), given that they are neither federal employees or agents, nor state or local officials, and the Complaint fails to state a claim upon which relief can be granted. (Docket 32). Defendant Rapid City Police Department ("RCPD")

3

moved to dismiss the Complaint because the RCPD is not an entity amenable to suit; the Complaint fails to state a claim under Fed. R. Civ. P 12(b)(6); and because the federal court lacks jurisdiction. (Docket 35).

Ms. Lewis has filed various responsive pleadings. In large part, these filings detail conversations between Ms. Lewis and Josh Gednalske's attorney, Debra Watson, as well as correspondence with the Seventh Judicial Circuit Court Judge assigned to the pending child custody dispute between Ms. Lewis and Josh Gednalske. (Docket 18-1). Ms. Lewis' responsive pleadings and attachments assert that the child custody dispute is not being properly handled by the Seventh Judicial Circuit, the Rapid City Police Department, and the Pennington County Sheriff's Office. (Docket 21, Attachments 1-12). The documents purport to show that the state court entered an Interim Custody Order on September 21, 2018 with an evidentiary hearing for permanent physical custody to be held on November 20, 2018. (Docket 21-6). It appears that the custody hearing has been continued until November 30, 2018. (Docket 39, 40).

## ANALYSIS

The court must examine whether it should abstain from exercising jurisdiction under the principles of federal-state comity articulated in Younger v. Harris, 401 U.S. 37 (1971) (federal courts are to avoid interference with ongoing state criminal proceedings if the state court provides an adequate forum to present any federal constitutional challenges). "Under current

4

Younger v. Harris doctrine, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012) (citing Plouffe v. Ligon, 606 F.3d 890, 894–95 (8th Cir. 2010)); see also Ohio Civil Rights Commission v. Dayton Christian Schools, 477 U.S. 619, 627 (1986) (the principals of comity and federalism underlying Younger are equally applicable "to civil proceedings in which important state interests are involved."); Silverman v. Silverman, 267 F.3d 788, 792 (8th Cir. 2001); Middlesex County Ethics Comm. v. Garden State Bar Association, 457 U.S. 423, 432 (1982); Barzilay v. Barzilay, 536 F.3d 844, 850 (8th Cir. 2008) ("In order for a federal court to abstain under the Younger doctrine there must be an ongoing state proceeding which implicates important state interests and which affords an adequate opportunity to raise the federal issues.")

    A district court's decision to decline jurisdiction may be *sua sponte*. See Bellotti v. Baird, 428 U.S. 132, 143 n. 10 (1976); Guillemard–Ginorio v. Contreras–Gomez, 585 F.3d 508, 517–18 (1st Cir. 2009). Younger "requires a federal court to abstain not only when and while the state trial court proceedings [are] ongoing, but until the state [parties] exhaust [their] appellate remedies." Tony Alamo Christian Ministries, 664 F.3d at 1250.

The District Court of Minnesota addressed the Younger doctrine in Carlson v. County of Ramsey, Minnesota, Civ. No. 16-765, 2016 WL 3352196 (D. Minn. June 15, 2016). In Carlson, the non-custodial parent filed suit in federal district court under 42 U.S.C. § 1983 challenging various state court orders and actions associated with a protracted custody dispute. Id. at ¶1. Carlson claimed that the state court judges, custody evaluators and other person involved with custody dispute violated his constitutional rights and committed tortious actions. Id. at ¶4. Carlson requested the federal district court reverse the prior custody order, the prior contempt order, and the prior restraining orders, as well as federal intervention in the ongoing custody proceedings. Id. The court concluded that the Younger abstention doctrine precluded the federal court from interfering with the pending child custody proceedings. Id. at ¶6. In reaching this conclusion, the court relied on the rationale set forth in the following well-settled case law:

> The state proceedings involve "orders uniquely in furtherance of the state courts' ability to perform their judicial functions," Sprint Comms. Inc. v. Jacobs, 571 U.S. 69, 78 (2013), such as the custody, contempt, and disclosure orders that "are integral to the State court's ability to perform its judicial function in ... custody proceedings," Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cty., 805 F.3d 425, 428 (2d Cir. 2015). They also implicate important state interests in domestic relations, a traditional area of state concern where federal abstention is particularly appropriate. See Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (counseling against federal intervention in "the realm of domestic relations" given that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States") (quotation and brackets omitted), *abrogated on other grounds by* Lexmark Int'l, Inc. v. Static Contest Components, Inc., 134 S. Ct. 1377 (2014); Mansell v.

> Mansell, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law."); Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of [Younger]."); Liedel v. Juvenile Ct. of Madison Cty., Ala., 891 F.2d 1542, 1546 (11th Cir. 1990) ("[U]nder Younger and Sims federal district courts may not interfere with ongoing child custody proceedings."); Morkel v. Davis, 513 F. App'x 724, 728 (10th Cir. 2013) ("This court and other circuits have consistently applied Younger to child custody cases.") (collecting cases).

Id.

Ms. Lewis' "case is precisely the type of case suited to Younger abstention." H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Ms. Lewis seeks to enjoin the state court and the participants in an on-going custody dispute from violating her due process rights. Abstention is warranted in this case "because a federal court should not intervene where such interference unduly inhibits the legitimate functioning of the . . . state's judicial system." Oglala Sioux Tribe v. Fleming, 904 F.3d 603, 612 (8th Cir. 2018) (internal citation omitted). Therefore, as it pertains to Ms. Lewis' equitable and injunctive relief that her son be returned to her custody, the court must abstain pursuant to the Younger doctrine.

In additional to the equitable relief, Ms. Lewis included a demand for $20,000,000 in actual and punitive damages for the "severe emotional and mental trauma (i.e. loss of parental bond/relationship, pain and suffering, loss of wages, loss of home, loss of stability, etc). Most importantly, my son having

7

to deal with the fact that he is being kept away from his Mother (his Mom) – the only parent he has ever really known." (Docket 1, p. 9). The Complaint states a claim for both equitable and monetary damages.

The Eighth Circuit addressed the propriety of dismissal of non-equitable claims which are intertwined with those claims seeking injunctive relief in Amerson v. State of Iowa, 94 F.3d 510 (8th Cir. 1996). Typically, abstention principles only permit federal courts from staying the adjudication of non-equitable claims; not dismissing the action altogether. Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996). However, the court must abstain where a plaintiff's incidental insertion of a § 1983 claim seeking damages "cannot be awarded without first declaring unconstitutional a state court judgment on a matter firmly committed to the states." Amerson, 94 F.3d at 513. Addressing Ms. Lewis' § 1983 claims and Bivens claims would require a preliminary declaration that the previous custody orders were invalid and would require this court to interfere with the ongoing state court custody dispute in violation of Younger and the Rooker-Feldman doctrine. "[I]t would be inappropriate for a federal district court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought." Id. Therefore, the court must likewise abstain from Ms. Lewis' non-equitable claims.

8

## CONCLUSION

It is therefore recommended that the court abstain from exercising jurisdiction and dismiss plaintiff's complaint without prejudice. It is further recommended that the defendants' motions to dismiss (Docket 15, 27, 29, 32, and 35) be denied as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated November 28, 2018.

BY THE COURT:

DANETA WOLLMANN
UNITED STATES MAGISTRATE JUDGE