UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| AIMEE LEWIS,<br><br>    Plaintiff,<br><br>vs.<br><br>SEVENTH CIRCUIT COURT – SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM, in its official and individual capacity; RAPID CITY POLICE DEPARTMENT, in its official and individual capacity; PENNINGTON COUNTY SHERIFF'S OFFICE, in its official and individual capacity; DEBRA WATSON, in her official and individual capacity; WATSON LAW OFFICE, P.C., in its official and individual capacity; JOSHUA GEDNALSKE, in his official and individual capacity; DWAYNE GEDNALSKI, in his official and individual capacity; and JANICE GEDNALSKE, in her official and individual capacity,<br><br>    Defendants. | CIV. 18-5071-JLV<br><br>ORDER |

Plaintiff Aimee Lewis, appearing *pro se,* filed a complaint pursuant to 42 U.S.C. § 1983 alleging her federal constitutional or statutory rights were violated by the defendants: "(1) A declaratory decree was violated; (2) the State of South Dakota revoked my parental rights 'without any' preponderance of evidence; (3) Violation of the Due Process Clause of the 14th Amendment; (4) Violations of the First, Fourth, Fifth, Ninth and Fourteenth Amendments; (5) 18 USC Ch. 224: Protection of Witnesses - Section 3524[,] 28 U.S. Code 1738 A; (6) Section 35 of the Judiciary Act of 1789,1 Stat. 73. 92."   (Docket 1).

Ms. Lewis asserts a Bivens[1] claim, but does not identify which defendant is a federal actor acting under color of federal law. Id. at p. 8. The claims are premised on a state court custody dispute concerning plaintiff's minor son. Id. at p. 10. Ms. Lewis asks this court to restore him to her custody. Id. Defendants filed separate motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b). (Dockets 15, 27, 29, 32 & 35). Plaintiff filed supplements to her complaint and two motions in response to defendants' motions. (Dockets 18, 20, 33, 37 & 39-41).

Pursuant to a standing order of April 1, 2018, the matter was referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B). See also Docket 22. On November 28, 2018, the magistrate judge issued a report recommending the court dismiss the complaint without prejudice.[2] (Docket 42 at p. 9). Ms. Lewis filed objections to the report and recommendation in the form of letters to the magistrate judge. (Dockets 43 & 50). During the same time, plaintiff filed additional supplements to her

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Ms. Lewis filed an objection to the order of referral to the magistrate judge. (Docket 34). Plaintiff's objection is based on the assertion that because the complaint seeks injunctive relief, the court is prohibited from permitting the magistrate judge to preside over the proceedings. Id. at p. 1 (referencing 28 U.S.C. § 636(b)(1)(A)). While a magistrate judge is prohibited from resolving a motion for injunctive relief under § 636(b)(1)(A), the magistrate judge is authorized "to submit . . . proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge complied with this provision. Plaintiff's objection is overruled.

complaint. (Dockets 44-47 & 49). Defendants filed responses to plaintiff's initial objection. (Dockets 48 & 51-54). No further objections were filed to the report and recommendation of the magistrate judge and the time for doing so has passed. 28 U.S.C. § 636(b)(1).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## PLAINTIFF'S OBJECTIONS

Plaintiff's objections to the report and recommendation (R&R) are summarized as follows:

1. Younger v. Harris, 401 U.S. 37 (1971), is only applicable to criminal proceedings;

2. Plaintiff's constitutional rights have already been violated in the state court proceedings, so Younger is inapplicable; and

3. Plaintiff is being forced to choose between filing objections or participating in the hearings in state court.

(Dockets 43 & 50).

Younger was the United States Supreme Court decision which directed federal courts to consider whether to abstain from exercising jurisdiction under the principals of federal-state comity. Younger directed federal courts to avoid "a violation of the national policy forbidding federal courts to stay or enjoin

pending state court proceedings except under special circumstances." Younger, 401 U.S. at 41.

The Younger abstention doctrine is an exception to the general rule that "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 73 (2013). "Circumstances fitting within the Younger doctrine . . . include [state] civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. (citing New Orleans Public Service, Inc. v. Council of the City of New Orleans, 491 U.S. 350, 367-68 (1989)).

The R&R analyzed the application of the Younger abstention doctrine in child custody cases. See Docket 42 at pp. 5-7. "Ms. Lewis' case is precisely the type of case suited to Younger abstention. . . . Therefore, as it pertains to Ms. Lewis' equitable and injunctive relief that her son be returned to her custody, the court must abstain pursuant to the Younger doctrine." Id. at p. 7 (internal quotation marks and citations omitted).

Ms. Lewis claims the state court and the individual defendants have already violated her constitutional and statutory rights so the Younger abstention doctrine should not be applied. Ms. Lewis' objection is misplaced. Abstention is still appropriate because Ms. Lewis has "an opportunity to litigate [her] claims in the South Dakota courts," including the South Dakota Supreme Court. Oglala Sioux Tribe v. Fleming, 904 F.3d 603, 613 (8th Cir. 2018). "State courts are competent to adjudicate federal constitutional claims . . . and when a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an

4

adequate remedy, in the absence of unambiguous authority to the contrary." Id. (internal quotation marks and citations omitted).

Under the Younger abstention doctrine, Ms. Lewis is obligated to litigate her state statutory claims regarding child custody, as well as her federal constitutional and statutory claims associated with that state proceeding, in state court. Dismissal of plaintiff's complaint without prejudice leaves open the possibility to file a new complaint if Ms. Lewis' federal constitutional claims are not resolved by the state court system.

Plaintiff's objections to the R&R are overruled.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's objections (Dockets 43 & 50) are overruled.

IT IS FURTHER ORDERED that plaintiff's objection (Docket 34) is overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 42) is adopted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that defendants' motions to dismiss (Dockets 15, 27, 29, 32 & 35) are denied as moot.

IT IS FURTHER ORDERED that plaintiff's remaining motions (Dockets 21 & 37) are denied as moot.

Dated January 24, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE