UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AIMEE LEWIS,<br><br>   Plaintiff,<br><br>vs.<br><br>SEVENTH CIRCUIT COURT – SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM, in its official and individual capacity; RAPID CITY POLICE DEPARTMENT, in its official and individual capacity; PENNINGTON COUNTY SHERIFF'S OFFICE, in its official and individual capacity; DEBRA WATSON, in her official and individual capacity; JOSHUA GEDNALSKE, in his official and individual capacity; DWAYNE GEDNALSKE, in his official and individual capacity; and JANICE GEDNALSKI, in her official and individual capacity,<br><br>   Defendants. | 5:18-CV-05071-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO UNSEAL OR GRANT ACCESS TO SEALED DOCUMENTS** |

Plaintiff, Aimee Lewis, appearing *pro se*, commenced this action alleging claims arising out of a state court custody dispute concerning her minor son. Docket 1. United States Magistrate Judge Daneta Wollmann issued a report recommending dismissal of the complaint without prejudice. Docket 42 at 9. The Court overruled Lewis' objections, adopted the report and recommendation, and dismissed the complaint without prejudice. Docket 62 at 3–5. The United States Court of Appeals for the Eighth Circuit found that the

district court did not err in abstaining under *Younger v. Harris*, 401 U.S. 37 (1971), and affirmed the judgment of dismissal. Docket 74 at 2. The Supreme Court of the United States denied Lewis' petition for a writ of certiorari. Docket 79.

In accordance with Federal Rule of Civil Procedure 5.2 and the District of South Dakota's Civil Local Rule of Practice 5.2, the Court sealed some of Lewis' filings identifying her minor son by name. Dockets 21, 39, 47, 49, 57, 58, 59, 60. Lewis now moves for an order unsealing or otherwise granting her access to sealed documents filed in the case. Docket 81. Lewis contends that she was not notified that the documents were sealed or the "specific basis or legal authority under which the sealing occurred." *Id.* at 1. This is not correct. Lewis was provided a copy of the order directing that documents be sealed in accordance with Federal Rule of Civil Procedure 5.2 and the District of South Dakota's Civil Local Rule of Practice 5.2. Docket 23. Further, all the sealed documents identify Lewis' minor son by name instead of by his initials as required by Federal Rule of Civil Procedure 5.2 and the District of South Dakota's Civil Local Rule of Practice 5.2, and some of the sealed documents include photographs of her minor son. Because Dockets 21, 39, 47, 49, 57, 58, 59, and 60 were properly sealed, Lewis' motion to unseal, Docket 81, is denied.

When Lewis commenced this action, the Clerk of Court informed her that "[i]t is important that you keep copies of all documents filed in your case for your own records, including documents you submit for filing. If you request copies, you will be charged fifty cents ($0.50) per page." Docket 5. Lewis filed

all the documents that have been sealed. Thus, she should have copies of the documents. Nevertheless, in her motion, Lewis asserts that "access to these documents is necessary to understand and properly respond to the proceedings and to protect her legal rights." Docket 81 at 1.[1] However, because Lewis was a party to this action, if she requests and pays fifty cents per page, the Clerk of Court may provide to her copies of specific documents she requests.

    Thus, it is ORDERED:

    1.    That Lewis' Motion to Unseal or Grant Access to Sealed Documents, Docket 81, is denied.

    2.    That the Clerk of Court may provide to Lewis, who was a party, copies of any sealed documents Lewis requests provided that Lewis pays fifty cents a page for the copies.

Dated June 9, 2025.

                                BY THE COURT:

                                /s/ *Camela C. Theeler*
                                CAMELA C. THEELER
                                UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Judgment of Dismissal was entered on January 24, 2019, *see* Docket 63, and Lewis has exhausted available appeal rights.